### DAVIDSON et al. v. AMERICAN BLOWER CO. et al.

(Circuit Court of Appeals, Second Circuit. May 25, 1917.)

No. 180.

1. CORPORATIONS ⬤═197—STOCKHOLDERS—RIGHTS OF.

The owners of a majority of the stock of a corporation cannot use their power to the prejudice of the minority stockholders, and a court of equity will enjoin all contracts or conspiracies intended to prejudice the rights of the minority stockholders and dissipate the property of the corporation, and for that purpose may enjoin the majority stockholders from voting their stock, although such relief will be granted only under imperative necessity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 747, 749-763, 764.]

2. CORPORATIONS ⬤═197—STOCKHOLDERS—PROTECTION OF MINORITY STOCKHOLDERS.

The individual defendants owned a majority of the stock of a corporation, and one of them had a controlling interest in a second corporation, which was engaged in the same line of business and in competition with the defendant corporation. The defendant corporation claimed patents to certain appliances, and was involved in litigation with the second corporation. One of the individual defendants had been urging a dismissal of the litigation and the gratuitous licensing of the second corporation during the time when he could not vote his stock because of voting trust created at the time the defendant corporation was organized. *Held* that, where the individual defendants had done nothing illegal and threatened nothing illegal, the rights of the minority shareholders who desired protection will be amply protected by enjoining the individual defendants from wasting the assets of the corporation or attempting to monopolize the business in which it was engaged, and they should not be enjoined from voting their stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 747, 749-763, 764.]

Appeal from the District Court of the United States for the Northern District of New York.

Bill by Samuel Cleland Davidson and others, suing on behalf of themselves and other stockholders of the American Blower Company similarly situated, against the American Blower Company and others. From a decree for complainants, defendants appeal. Modified and affirmed.

See, also, Sirocco Engineering Co. v. B. F. Sturtevant Co. (D. C.) 208 Fed. 147; 209 Fed. 624.

This is an appeal from an order of Judge Ray, in the District Court of the United States for the Northern District of New York, enjoining the individual defendants Foss and Gifford, who own or control a majority of the capital stock of the American Blower Company, from combining to waste its property, and from combining together or with others to monopolize the business of manufacturing or selling multiblade or propeller fans and blowers for exhaust or blowing, and from voting their stock, and also enjoining the defendant the American Blower Company, its officers, agents, and inspectors of election from permitting the stock of the said defendants to be voted.

O. F. Hibbard, of New York City, for appellant Foss.

William S. Haskell, of New York City (Millis, Griffin, Seely & Streeter, of Detroit, Mich., of counsel), for appellants.

Winthrop & Stimson, of New York City (Henry L. Stimson and George Roberts, both of New York City, of counsel), for appellees.

Angell, Bodman & Turner, of Detroit, Mich. (Henry E. Bodman, of Detroit, Mich., of counsel), for intervening appellees.

Wm. J. & Wm. C. Roche, of Troy, N. Y., for certain intervening complainants.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The manufacture and selling of the fans and blowers in question is a distinct and separate business of an interstate as well as intrastate character carried on by less than a dozen companies in this country. In the year 1899 the B. F. Sturtevant Company did and it still does the largest part of this business. Next to it was the American Blower Company, a corporation of Michigan. The defendant Foss owned a majority of the stock of each of these companies. In 1902 the complainant Davidson began to sell in this country a new multibladed fan patented by him, called the Sirocco fan. It was admittedly superior to any fan then manufactured for the same purpose, and Davidson incorporated his business in the year 1907 under the name of the Sirocco Engineering Company.

In 1907 the Sturtevant Company began to manufacture a similar fan, called the multivane fan, because of which the Sirocco Company began a suit against the Sturtevant Company for infringement of Davidson's patents. The defendant Foss in that year entered into negotiations with a view to consolidating the Sirocco and the Blower Company, which resulted in the formation of a new company, the American Blower Company of New York, one of the defendants in this suit. The incorporation took place early in January, 1909, and

of effect as between the parties as of January 1st. It was advantageous to each company, because it gave the Blower Company a better fan than its own and to the Sirocco Company much-needed capital.

The consolidation was carried through by an exchange of the new company's stock for the stocks of the old companies, and the defendant Foss continued to hold the majority of the stock of the new company. The complainants say that they did not know how much stock Foss owned in the old company, because it was not all in his name on the company's books; but because he did control the Sturtevant Company, and because of the pending infringement suit, they took precautions to prevent his influence from being detrimental to their interests. The corporate existence of the Sirocco Company was maintained to prevent the patent suit from abating, and it was made a part of the agreement that a majority of the stock of the new company should be put in a voting trust, two out of the three trustees to be stockholders of the Sirocco Company. This trust was to continue for five years, the longest term permissible under the laws of the state of New York. Furthermore, the granting of licenses under the Davidson patents was also put under the control of a board of three trustees who represented the Sirocco interests.

After the formation of the new company the defendant Foss continually advised the discontinuance of the patent suit against the Sturtevant Company and the granting of a license under the Davidson patents to that company and other manufacturers without royalty. The burden of his correspondence was that there should be an arrangement between the two companies for the purpose of regulating and raising prices. This the Blower Company steadily refused to do, and continued to conduct its business in competition with that of the Sturtevant Company and all other companies engaged in the trade with constantly increasing success. At the time the bill was filed the two companies did 70 per cent. of the trade in the United States, 40 per cent. by the Sturtevant Company and 30 per cent. by the Blower Company. October 9, 1913, the District Court handed down a decision sustaining the Davidson patents. Sirocco Engineering Co. v. B. F. Sturtevant Co., 208 Fed. 147.

January 1, 1914, the voting trust was to expire by limitation, at which time it would be within the power of the defendant Foss to elect a board of directors agreeable to him. The minority stockholders naturally feared such a board would terminate the pending patent litigation and grant a gratuitous license to the Sturtevant Company. January 20, 1914, was the date of the annual meeting of the Blower Company, but it was adjourned to February 19th, and thereafter from time to time, in pursuance of orders of the District Court. February 10, 1914, the complainants requested the board of directors of the Blower Company to file a bill such as the present bill, which request was declined.

February 26, 1914, the complainants brought this suit in equity, alleging that the defendants had combined to waste the assets of the Blower Company, to divert its business to the Sturtevant Company and to violate the Sherman Act of July 2, 1890, by raising prices and re-

straining competition in foreign and interstate commerce, and article 340 of the General Business Law of the state of New York in intrastate commerce. December 15, 1914, the Circuit Court of Appeals reversed the decree of the District Court and held the Davidson patents void for anticipation, as well as not infringed by the Sturtevant Company. Sirocco Engineering Co. v. B. F. Sturtevant Co., 220 Fed. 137, 136 C. C. A. 91. This decree removed the chief contention between the Blower Company and the Sturtevant Company as competitors. The District Judge decided this suit on all points in favor of the complainants and entered a decree as prayed for.

[1] There can be no doubt that the majority owners of stock of a corporation cannot use their power to the prejudice of the minority owners and that a court of equity will enjoin all contracts or conspiracies of the kind complained of in the bill. In proper cases they may be enjoined, even if only threatened. Vicksburg Water Co. v. Vicksburg, 185 U. S. 65, 22 Sup. Ct. 585, 46 L. Ed. 808. The District Judge assumed from the previous conduct of the defendants Foss and Gifford, and particularly from the letters of Foss, that he would be likely to carry out the plans complained of through a board of directors elected by them, and that the complainants should be protected against their doing so. To deprive stockholders holding a majority of the stock from voting it, and to turn over the control of a corporation to the minority stockholders, is relief to be given only under imperative necessity. Undoubtedly it may be done in a proper case, and has been done in some cases cited by the appellees. Milbank v. New York, Erie & Western R. R. Co., 64 How. Prac. (N. Y.) 20, in which the controlling corporation was enjoined from voting its stock in the controlled company because it was prohibited by statute from owning it; Dunbar v. American Tel. & Tel. Co., 224 Ill. 9, 79 N. E. 423, 115 Am. St. Rep. 132, 8 Ann. Cas. 57, which was on demurrer to a bill charging that the controlling corporation had purchased its stock in the controlled company for the purpose of restraining competition; Memphis R. R. Co. v. Woods, 88 Ala. 630, 7 South. 108, 7 L. R. A. 605, 16 Am. St. Rep. 81, where it was found that the controlling corporation had for its own interest oppressed and defrauded the controlled company; George v. Central R. R. & Banking Co. of Georgia, 101 Ala. 607, 14 South. 752, in which the court found that the controlling corporation had bought its stock in the controlled company to restrain competition and had used its control to waste the property of the controlled company; Steele v. United Fruit Co. (C. C.) 190 Fed. 631; Id., 194 Fed. 1023, 114 C. C. A. 666, in which the court found that the controlling company had bought its stock in the controlled company, used it to restrain competition, and subordinated the interests of the controlled company to its own.

[2] In these cases, and others that could be cited, the illegal acts complained of had been actually carried out or were admitted or were explicitly threatened. In the present case nothing illegal has been done, and nothing illegal has been threatened, although the complainants had reason to apprehend that the defendant intended to do these things if he could. We think the complainants will be sufficiently protected

if the defendants be enjoined, either severally or in combination from wasting or attempting to waste the Blower Company's property, or from restraining or monopolizing or attempting to restrain or monopolize the business of manufacturing and selling multiblade or propeller fans and blowers.

As so modified, the decree is affirmed, with costs of this court to the appellants.